Filing # 18010233 Electronically Filed 09/09/2014 01:05:44 PM

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA**

RICHARD SCHRIEVER and
PAMELA SCHRIEVER,

Plaintiffs, Case No.:

v.

SALLIE MAE, INC.,

Defendant.
_______________________________/

**VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL**

COME NOW the Plaintiffs, RICHARD SCHRIEVER and PAMELA SCHRIEVER (hereinafter referred to as "Plaintiffs"), by and through the undersigned counsel, and hereby sue the Defendant, SALLIE MAE, INC. (hereinafter referred to as "Defendant") for damages and allege in support thereof:

**JURISDICTION**

1. This is an action for damages in an amount greater than $15,000.00, exclusive of attorney's fees and costs

2. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this Court because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

**PARTIES**

4. Plaintiffs, Richard and Pamela Schriever, are natural persons who reside in the Charlotte County, Florida, and are "consumers" as that term is defined by Fla. Stat. § 559.55(2).

5. Defendant, Salle Mae, Inc., is a foreign profit corporation operating from a main address of 2001 Edmund Halley Drive, Reston, VA 20191-3436, and is a "creditor" as that term is defined by § 559.55(3), Fla. Stat.

**FACTUAL ALLEGATIONS**

6. On or about August 20, 2006, Plaintiffs incurred a debt that was primarily for personal, family, or household purposes. Specifically, Plaintiffs co-signed a student loan agreement for their daughter.

7. Beginning on or about December 11, 2012, Defendant began placing calls to Plaintiffs at their home telephone number for the purpose of collecting on the debt in question.

8. Between December 11, 2012, and March 28, 2013, Defendant placed upwards of 260 phone calls to the Plaintiffs at their home telephone number for the purpose of collecting on the debt in question.

9. Defendant did not call Plaintiffs every day during the above-referenced time frame. However, it was not uncommon for Defendant to place several calls the Plaintiffs in the same day, *and on at least one occasion placed ten phone calls to the Plaintiffs within one 24-hour period.* Such frequent contact by Defendant can be reasonably expected to harass Plaintiffs.

10. Furthermore, in July and August of 2013, Defendant placed approximately thirteen (13) calls to Plaintiffs at their cellular telephone numbers for the purpose of collecting on the debt in question.

11. At no point during the course of Plaintiffs relationship with Defendant did Plaintiffs provide Defendant with their cellular telephone numbers, or provide Defendant with express written consent to be contacted at such numbers.

12. Upon information and belief, Defendant used an automated telephone dialing system to contact Plaintiffs on their cellular telephone.

13. The above-detailed conduct by Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FCCPA.

14. The above-detailed conduct by Defendant of calling Plaintiffs on a cellular telephone in an effort to collect this debt, without express written consent to do so, was a violation of the TCPA.

15. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress experienced by the Plaintiffs.

16. Plaintiffs have suffered actual damages as a result of these illegal collection communications by the Defendant, including but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Section 559.72(7), Fla. Stat.**

17. Plaintiffs incorporate by reference 1 – 16 of the paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA.

19. Under the provisions of § 559.72(7), Fla. Stat., Defendant was and is prohibited from willfully communicating with a debtor or any member of a debtor's family with such frequency as can reasonably be expected to harass or abuse the debtor or the debtor's

family.

20. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to § 559.77 from Defendant.

21. Additionally, § 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE,** the Plaintiffs, RICHARD SCHRIEVER and PAMELA SCHRIEVER, having set forth their claims for relief against the Defendant, SALLIE MAE, INC., respectfully pray of the Court as follows:

- for an award of actual damages pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an award of statutory damages in the amount of $1,000.00 pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Florida Statute § 559.77 for Plaintiffs;
- for an injunction to enjoin further abusive collection; and
- for such other relief as this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PRACTICES ACT**
**47 U.S.C. § 227**

22. Plaintiffs incorporate by reference 1 – 16 of the paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

24. Under the provisions of 47 U.S.C. § 227(b)(1)(A)(iii), Defendant was and is prohibited from using any automatic telephone dialing system to make any call to any telephone number assigned to a cellular telephone.

25. The Plaintiffs have never given Defendant express written consent to call Plaintiffs' cellular telephones.

26. The phone calls placed by Defendant to Plaintiffs' cellular telephones were not made for emergency purposes.

27. Before such calls were placed, the Defendant was aware of the prohibitions on making such calls pursuant to the TCPA.

28. As a result of Defendant's violations of the TCPA, Plaintiffs are entitled to actual monetary loss, or $500.00 in damages for each violation, and reasonable costs pursuant to 47 U.S.C. § 227 from Defendant. As Defendant placed no fewer than thirteen (13) calls to Plaintiffs' cellular telephones in violation of the TCPA, Plaintiffs seek statutory damages in an amount no less than $6,500.00.

29. Additionally, 47 U.S.C. § 227 provides that a court may award treble statutory damages to Plaintiffs in the event that Defendant's violations of the TCPA are shown to have been "willful and knowing". Plaintiff submits that Defendant's violations of the TCPA were both willful and knowing, and accordingly requests treble damages in an amount no less than $19,500.00.

**WHEREFORE**, the Plaintiffs, RICHARD SCHRIEVER and PAMELA SCHRIEVER, having set forth their claims for relief against the Defendant, SALLIE MAE, INC., respectfully pray of the Court as follows:

- for an award of treble statutory damages in the amount of $19,500.00 pursuant to 47 U.S.C. § 227, or, in the alternative, for an award of statutory damages in the amount of $6,500.00 pursuant to 47 U.S.C. § 227
- for an award of the costs of filing this action;
- for an injunction to enjoin further abusive collection; and
- for such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

30. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

Dated: September 9, 2014

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
***Attorneys for Plaintiff***

By: Joseph C. LoTempio
Joseph C. LoTempio, Esq.
Fla. Bar No. 0086097
jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida )
) ss
COUNTY OF Charlotte )

Plaintiff, RICHARD SCHRIEVER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

[signature]
RICHARD SCHRIEVER

Subscribed and sworn to before me this 8th day of Sept., 20 14 by RICHARD SCHRIEVER who:

☐ is personally known; or

☑ produced identification FL DL S616-750-77-307-0.

[signature]
Notary Public

(SEAL)



## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida )
) ss
COUNTY OF Charlotte )

Plaintiff, PAMELA SCHRIEVER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pamela Schriever
PAMELA SCHRIEVER

Subscribed and sworn to before me this 8th day of Sept, 20 14 by PAMELA SCHRIEVER who:

☐ is personally known; or

☒ produced identification FL DL S616-661-76-648-0.

Natalie C Crivellaro
Notary Public

(SEAL)

