UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD SCHRIEVER and PAMELA SCHRIEVER,

    Plaintiffs,

v.                                      Case No: 2:14-cv-596-FtM-38CM

NAVIENT SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, to Stay Proceedings, and Compel Arbitration (Doc. #14) filed on November 11, 2014.  The Plaintiffs filed their Response in Opposition (Doc. #20) on December 9, 2014.  The Motion is fully briefed and ripe for the Court's review.

## FACTS

On July 20, 2006, the Plaintiff Pamela Schriever, executed a Promissory Note (Note) and borrowed funds from the Defendant to use as student loans. (Doc. #2, ¶ 6). The Defendant Richard Schriever executed the Note as a Co-Signer. (Doc. #2, ¶ 6).  The Plaintiffs allege the Defendant placed upwards of 260 calls between December 11, 2012,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

and March 28, 2013 to the Plaintiffs' home telephone number for the purpose of collection on the Note. ([Doc. #2](#), ¶ 8). The Plaintiffs continue that the Defendant placed at least thirteen (13) calls for the purpose of collecting on the Note to their cellular phones between July and August of 2013. ([Doc. #2](#), ¶10).

As a result of the alleged telephone calls, the Plaintiffs filed the instant law suit in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida. The Defendant removed the case to this Court and now move to dismiss or compel arbitration based upon the Arbitration Clause in the Note.

The Arbitration Clause states in pertinent part:

> **"ARBITRATION AGREEMENT I UNDERSTAND THAT THIS AGREEMENT WILL HAVE A SUBSTANTIAL IMPACT ON MY LEGAL RIGHTS, AND THAT I SHOULD READ IT CAREFULLY."** (Promissory Note at __ (emphasis in original).) The Arbitration Agreement provides, in pertinent part:
>
> You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions…This Arbitration Agreement is part of the SLM Financial Corporation Educational Loan Program Promissory
>
> Note ("Note").
>
> **RIGHT TO REJECT ARBITRATION AGREEMENT** If I act promptly, I may reject this Arbitration Agreement, in which event neither you nor I will have the right to require arbitration of any claims. Rejection of the Arbitration Agreement will not affect any other aspect of the Note. To reject the Arbitration Agreement, I must act within the time frame and follow the instructions set forth below under the caption "Rejection of Arbitration Agreement."
>
> **IMPORTANT NOTICE AND LIMITATIONS** If you or I elect to arbitrate a Claim, neither you nor I will have the right to: (1) have a court or jury decide the claim; (2) engage in prearbitration discovery (*i.e.*, the right to obtain information prior to the hearing) to the same extent that you or I could in

court;; [sic] (3) participate in a class action in court or in arbitration, either as a class representative or a class member; (4) act as a private attorney general in court or in arbitration; or (5) join or consolidate Claim(s) with claims involving any another person. The right to appeal is more limited in arbitration than in court. Other rights that I would have if I went to court may also not be available in arbitration.

Definitions: In this Arbitration Agreement, the following definitions will apply:

"I," "me" and "my" mean each and every Borrower and cosigner on the Note….

"You," "your" and "yours" mean the Lender; SLM Financial Corporation; any Sallie Mae affiliate or subsidiary . . . all of their parents, wholly or majority owned subsidiaries and affiliates, any predecessors, successors and assigns of these entities…

"Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note or the relationships resulting from the Note, including any dispute concerning the existence, scope, validity, or enforceability of this Arbitration Agreement or the Note… "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature, including but not limited to initial claims, amended claims, new claims asserted in existing litigation…and claims based upon contract, tort, fraud, and other intentional torts, constitution, state regulation, ordinance, common law and equity. It includes disputes that seeks relief of any type, including damages, and/or injunctive, declaratory or other equitable relief. It includes disputes that arose before the date of this Arbitration Agreement.

\* \* \*

**STARTING AN ARBITRATION** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect.

\* \* \*

3

> **GOVERNING LAW** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration.

## **DISCUSSION**

The Defendant argues the case should be dismissed for lack of subject matter jurisdiction or in the alternative the Court should compel arbitration pursuant to the Note's arbitration agreement. The Plaintiffs argue the Defendant's Motion should be denied because the case was removed to this Court based upon federal question jurisdiction, the Defendant failed to Comply with M.D. Fla. Local Rule 3.01(g), and further the Defendant has waived its right to arbitration.

Motions to compel arbitration are generally treated as motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Wash v. Mac Acquisition of Delaware, LLC, 2014 WL 5173504, at *1 (M.D. Fla. Oct. 14, 2014) (citing Mullinax v. United Mktg. Grp., LLC, 2011 WL 4085933 at *8 (N.D. Ga. Sept. 13, 2011)). Rule 12(b)(1) attacks are either "facial" or "factual." Garcia v. Copenhaver, Bell & Assoc., M.D.'s P.A., 104 F.3d 1256, 1260 (11th Cir. 1997). Motions to compel arbitration generally raise factual attacks. Wash, 2014 WL 5173504, at *1. When a party makes a factual attack, the court may consider matters outside the pleadings. McElmurray v. Consol. Gov't of Augusta–Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). Accordingly, the Court can consider the written agreement proffered by the Defendant. Wash, 2014 WL 5173504, at *1.

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Cernohorsky v. Career Educ. Corp., 2013

WL 3287070, at *2 (M.D. Fla. June 28, 2013) (quoting 9 U.S.C. § 2).  Although the FAA governs the applicability of arbitration agreements, state law governs issues "concerning the validity, revocability, and enforceability of contracts generally."  Cernohorsky, 2013 WL 3287070, at *2 (citing Perry v. Thomas, 482 U.S. 483, 492 n. 9, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987)).  Whether the parties have a valid arbitration agreement is usually a question for the court to decide. Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452, 123 S. Ct. 2402, 156 L. Ed. 2d 414 (2003).  Where the parties "clearly and unmistakably" defer decisions of validity to the arbitrator, the court shall compel arbitration without assessing the arbitration agreement's validity.  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995).

### *Whether the Motion Should be Dismissed Based on Judicial Estoppel*

The Plaintiffs contend the Motion to Dismiss should be denied pursuant to the doctrine of judicial estoppel. Under the doctrine of judicial estoppel, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interest have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).  The Plaintiffs argue the Defendant removed the case to this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331.  Thus, the Plaintiffs argue the Defendant cannot now argue this Court lacks subject matter jurisdiction because such a position would be inconsistent with Defendant's removal.  The Plaintiffs contend that since the Defendant is taking inconsistent positions regarding subject matter jurisdiction, the Motion to Dismiss should be denied.

As noted above, Motions to compel arbitration are generally treated as motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Wash, 2014 WL 5173504, at *1. The Defendant is not taking an inconsistent position that would invoke the judicial estoppel doctrine by moving the Court to Dismiss for lack of jurisdiction or to compel arbitration. Instead, the Defendant is following the generally accepted procedure to compel an arbitration agreement. Thus, the Plaintiffs' objection is not well taken.

### *Whether the Motion Should be Dismissed Based on Local Rule 3.01(g)*

The Plaintiffs also argue the Motion must be denied because the Defendant did not comply with M.D. Fla. Local Rule 3.01(g). Under the Local Rules of this District, a movant must first confer with the opposing party to determine whether or not the requested relief is opposed. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g).

While the Plaintiffs argue that the Defendant failed to confer in accord with the Local Rules, M.D. Fla., Local Rule 3.01(g) does not require a conference if the motion is a motion to dismiss. Here, the Defendant's Motion is clearly a dispositive motion to dismiss. Therefore, the Defendant was not under an obligation to confer with the Plaintiffs prior to filing the instant Motion.

### *Whether the Defendant Waived Its Right to Arbitration*

The Plaintiffs argue the Defendant waived its right to arbitration when they removed the case to this Court. "[D]espite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration," S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990) (citation omitted), and we apply a two-part test to determine that issue. Garcia v. Wachovia Corp., 699 F.3d 1273, 1277 (11th Cir. 2012). "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." Id. (citing Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315-16 (11th Cir. 2002) (internal quotation marks omitted)). A party acts inconsistently with the arbitration right when the party "substantially invokes the litigation machinery prior to demanding arbitration." Garcia, 699 F.3d at 1277 (citing S & H Contractors, 906 F.2d at 1514). "[S]econd, we look to see whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party." Garcia, 699 F.3d at 1277. To determine whether the other party has been prejudiced, "we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." S & H Contractors, 906 F.2d at 1514.

The Plaintiffs argue that the Defendant has sufficiently invoked the machinery of litigation in this case by removing the case from state court to this Court and now invoke the arbitration clause. The Plaintiffs argue that such participation in the litigation process has waived the Defendant's arbitration rights.

The Defendants removed this case from the state court on October 16, 2014. The mere act of removing the case to this Court is not sufficient litigation to waive arbitration. The Plaintiffs did not have to pay any fees for the removal nor did they incur any extra expenses by the Defendant's simple act of removing the case from the state court. Based on the record the Defendant has not pursued any discovery at this point in time nor did the Defendant wait an excessive amount of time after removal to seek arbitration. Furthermore, the Arbitration Agreement itself provides that either Party may pursue arbitration after a lawsuit has been filed. The Arbitration Clause states, "[t]his notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit." (Doc. #14-1, p. 9). Thus, the Defendant did not substantially invoke the litigation machinery prior to invoking the Note's Arbitration Clause. Secondly because the Defendant moved to compel arbitration in a timely manner—within three (3) weeks after removal—the Court cannot conclude that the Plaintiffs will be overly prejudiced by the Court sending this case to arbitration.

### *Whether Arbitration Should be Compelled*

The Defendant argues that all of the issues arising out of the Complaint are subject to the Note's Arbitration Agreement. The Arbitration Clause in the Note states: "[y]ou and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions…" (Doc. #14-1, p. 8). It is clear from

the terms of the Arbitration Clause that the Parties have agreed to arbitrate issues related to the Note. The Plaintiffs had the opportunity to opt out of the Arbitration Clause with in sixty (60) days of signing the agreement but chose not to do so. ([Doc. #14-1](), p. 8). Therefore, in keeping with the strong federal policy in favor of enforcing arbitration agreements, the Court finds good cause to compel the arbitration. [Dean Witter Reynolds, Inc. v Byrd, 470 U.S. 213, 217, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985)]().

Accordingly, it is now

**ORDERED:**

The Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, to Stay Proceedings, and Compel Arbitration ([Doc. #14]()) is **GRANTED in part and DENIED in part**.

(1) The Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**.

(2) The Motion to Compel Arbitration is **GRANTED.**

(3) The Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE**, the case.

(4) The Defendant is directed to inform the Court in writing when arbitration is scheduled, and inform the Court within ten (10) days of the arbitration's completion as to the status of the case.

(5) The Clerk of the Court is directed to CLOSE the case, and terminate any pending motions.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of December, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record